# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO ALEXANDER GUZMAN-VASQUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC H. HOLDER, JR., *Attorney General of the United States*, et al,<br><br>Defendant. | CASE NO. 14cv1471-MMA (BLM)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE**<br><br>[Doc. No. 1] |

Petitioner Julio Alexander Guzman-Vasquez, proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus ("petition") pursuant to Title 28 of the United States Code, section 2241. *See* Doc. No. 1. He contemporaneously moves for injunctive relief. *See* Doc. No. 2. Petitioner is a Guatemalan national, who was previously designated as a lawful permanent resident of the United States. Petitioner was ordered removed under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony. Petitioner reentered the United States after deportation and was arrested. Petitioner is attempting to reopen his immigration proceedings. He seeks restoration of his status as a lawful permanent resident and cancellation of removal.    As an initial matter,

1  Petitioner has not paid the $5.00 filing fee and has not moved to proceed in forma
2  pauperis.  A petition must be accompanied by a $5.00 filing fee or an application to
3  proceed in forma pauperis.  *See* Local Rule 3(a), 28 U.S.C. foll. § 2254.  Therefore,
4  the petition is subject to dismissal on this ground.          Moreover, federal courts
5  are courts of limited jurisdiction.  "Without jurisdiction the court cannot proceed at
6  all in any cause."  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94
7  (1998).  Accordingly, federal courts are under a continuing duty to confirm their
8  jurisdictional power and are even "obliged to inquire sua sponte whenever a doubt
9  arises as to its existence. . . ."  *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429
10 U.S. 274, 278 (1977).  This Court lacks subject matter jurisdiction over the petition.
11 Title 8, section 1252, provides as follows:

> no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

15 8 U.S.C. § 1252(g).  This provision was created to "eliminate[] district court habeas
16 corpus jurisdiction over orders of removal and vest[] jurisdiction to review such
17 orders exclusively in the courts of appeals."  *Puri v. Gonzales*, 464 F.3d 1038, 1041
18 (9th Cir. 2006), citing *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 928-929 (9th Cir.
19 2005).  "[A] petition for review filed with an appropriate court of appeals . . . shall
20 be the sole and exclusive means for judicial review of an order of removal."
21 8 U.S.C. § 1252(a)(5).  Petitioner's remedy is to file a petition for review in the
22 United States Court of Appeals for the Ninth Circuit,[1] which he has done.  *See* Case
23 No. 14-70488.
24 ///
25 ///

---

[1] "The denial of a motion to reopen falls within our jurisdiction over final orders of removal (not issued in absentia ) under 8 U.S.C. §̂ 1252(a)(1), provided that the denial has been separately appealed."  *Lin v. Gonzales*, 473 F.3d 979, 981 (9th Cir. 2007), citing *Azarte v. Ashcroft*, 394 F.3d 1278, 1281 (9th Cir.2005); *Sarmadi v. INS*, 121 F.3d 1319, 1321-22 (9th Cir.1997).

1 |     Based on the lack of subject matter jurisdiction, the Court **DISMISSES** the
2 | petition with prejudice.  The Clerk of Court shall terminate all pending motions and
3 | enter judgment accordingly.
4 |     **IT IS SO ORDERED**.
5 | DATED: June 17, 2014

*[signature]*
Hon. Michael M. Anello
United States District Judge